IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01949-BNB

MARK ANTHONY MAGNUM,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, DOC, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 15 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Mark Anthony Magnum, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Magnum initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions and sentences in Douglas County, Colorado, district court case number 00CR440. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On February 12, 2009, Mr. Magnum submitted to and filed with the Court an amended application and supporting brief.

On February 20, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response to the amended application that was limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On March

9, 2009, Respondents filed their pre-answer response to the amended application. On March 24, 2009, Mr. Magnum filed a reply to the pre-answer response. On April 20, 2009, Magistrate Judge Boland ordered Respondents to supplement the pre-answer response. Applicant did not opt to file a supplemental reply, although he was given an opportunity to do so.

The Court must construe liberally the amended application and reply filed by Mr. Magnum because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application in part by dismissing all claims except claims four and five.

Mr. Magnum was convicted by a jury in Douglas County District Court case number 00CR440 on charges of theft and conspiracy to commit theft. He was sentenced to prison for twelve years on the theft charges and to six years for conspiracy to commit theft, to be served concurrently. Representing himself with the aid of advisory counsel, he appealed directly to the Colorado Court of Appeals, which affirmed his convictions. **See People v. Magnum**, No. 01CA2252 (Colo. Ct. App. January 15, 2004) (not selected for publication). On December 20, 2004, the Colorado Supreme Court denied certiorari review.

On December 14, 2005, Mr. Magnum filed a postconviction motion. A week later, on December 21, 2005, he moved to amend the motion to raise additional claims and request an evidentiary hearing. It appears that the trial court did not consider Mr.

Magnum's supplemental postconviction motion, however, and on December 23, 2005, issued a written order summarily denying the December 14 motion. Mr. Magnum appealed the trial court's order, claiming that his trial counsel had been ineffective and that he had not adequately waived his right to appellate counsel. On November 15, 2007, the Colorado Court of Appeals affirmed. See *People v. Magnum*, No. 06CA277 (Colo. Ct. App. Nov. 15, 2007) (not selected for publication). Mr. Magnum raised his ineffective-assistance-of-counsel claim in a petition for writ of certiorari, which the Colorado Supreme Court denied on August 18, 2008.

On September 11, 2008, Mr. Magnum filed an application for writ of habeas corpus in this Court. On February 12, 2009, he filed an amended application. Respondents concede that the action was filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

In the amended application, Mr. Magnum asserts claims that:

1. a conflict of interest arose between Mr. Magnum and his trial counsel during his preliminary hearing over what testimony to elicit from a witness, and when counsel allegedly told him he had no available defense;

2. the trial court failed to respond adequately to *pro se* pleadings Mr. Magnum filed with the trial court concerning that conflict.;

3. an actual conflict of interest arose from counsel not following Mr. Magnum's directions to elicit specific testimony, investigate, prepare, or mount a plausible defense, acquire actual exculpatory testimony or "res guestae [sic] evidence" from his codefendant, and "perform effectively during the consciousness of guilt offering";

4. counsel was ineffective for not objecting to his wearing of a stun belt during trial; and

3

> 5. in addressing his ineffective-assistance-of-counsel claim, the Colorado Court of Appeals and Supreme Court "adopted [the] preponderance of the evidence standard."

Amended application at 5-6(a).

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A federal court may not address a claim made in habeas corpus if the applicant was or will be procedurally barred from presenting it to the state courts because he failed to comply with state rules of procedure. *Coleman v. Thompson*, 501 U.S. 722, 734 n.1 (1991); *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992). The only exceptions to the habeas procedural bar rule occur when the applicant demonstrates either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To satisfy the "cause" requirement, the applicant must show that "some objective factor external to the defense" impeded his compliance with the state's procedural rule." *McClesky v. Zant*, 499 U.S. 467, 493 (1991). "Prejudice" requires a showing of "actual prejudice." *Id.* at 495.

On direct appeal, Mr. Magnum made a variety of claims about the actions of his counsel in cross-examining the victim at his preliminary hearing. Mr. Magnum then argued that his counsel's conduct constituted ineffective assistance of counsel that resulted in a conflict, that the trial court should have granted Mr. Magnum's motions to have counsel dismissed, and that the trial court should at least have inquired further

into the problems between Mr. Magnum and his counsel. These claims are the same or similar to the ones Mr. Magnum makes in claims one, two, and three.

However, the Colorado Court of Appeals held that it could not address the merits of these claims because the appellate record lacked a transcript of a relevant hearing, and when Mr. Magnum renewed his claims at trial through a *pro se* motion, the trial court did not rule on the motion because Mr. Magnum was represented by counsel. *See* supplemental pre-answer response at app. C (***People v. Magnum***, No. 01CA2252, slip. op. at 14-15). Because Mr. Magnum's failure to comply with state procedural rules prevented the state appeals court from reaching the merits of his claims one, two, and three, they are unexhausted. ***See Coleman***, 501 U.S. at 734 n.1. Furthermore, Mr. Magnum has not alleged any reason constituting cause, prejudice, or a miscarriage of justice to excuse the procedural default. *Id.* at 750. Thus, review of his claims one, two, and three is barred.

Mr. Magnum presented his fourth claim, i.e., that counsel was ineffective for not objecting to his wearing of a stun belt during trial, in the appeal from the denial of his postconviction motion. *See* supplemental pre-answer response at app. H. at 11-29 (Mr. Magnum's opening brief). The Colorado Court of Appeals addressed the claim on the merits. *See id.* at app. J (***People v. Magnum***, No. 06CA277, slip. op. at 6-10). Mr. Magnum also presented this claim in a petition for writ of certiorari to the Colorado Supreme Court. *See id.* at app. K at 11-14 (Mr. Magnum's petition for writ of certiorari). Thus, Mr. Magnum appears to have exhausted state court remedies as to his fourth claim.

Mr. Magnum's fifth claim is that the Colorado Court of Appeals and the Colorado Supreme Court "adopted [the] preponderance of the evidence standard" in addressing his ineffective-assistance-of-counsel claim. In discussing Mr. Magnum's ineffective-assistance-of-counsel claim in *People v. Magnum*, No. 06CA277, slip. op. at 3, the Colorado Court of Appeals noted that:

> [t]o succeed on a claim of ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence standard that (1) counsel's performance fell below the level of reasonably competent assistance demanded of attorneys in criminal cases and (2) the deficient performance resulted in prejudice to defendant. *Strickland v. Washington*, 466 U.S. 668 (1984); *Davis v. People*, 871 P.2d 769, 772 (Colo. 1994).

*See* supplemental pre-answer response at app. J at 3. Mr. Magnum objected to the appeals court's application of the preponderance-of-the-evidence standard in his petition for writ of certiorari in *Magnum v. People*, No. 04SC451, in which he maintained that "the preponderance of the evidence standard . . . is the incorrect standard when determining the ineffective assistance of counsel." *See* supplemental pre-answer response at app. K at 4. Although it is the instant claim that appears to be incorrect and not the preponderance-of-the-evidence standard for judging ineffective assistance, *see, e.g.*, *Boyle v. McKune*, 544 F.2d 1132, 1137 (10th Cir. 2008), because Mr. Magnum has presented this claim to the highest state court in a postconviction attack, *see Dever*, 36 F.3d at 1534, the Court finds that he has exhausted state court remedies as to claim five. Accordingly, it is

ORDERED that the amended habeas corpus application is denied in part. It is

7

FURTHER ORDERED that claims one, two, and three are dismissed as procedurally barred. It is

FURTHER ORDERED that exhausted claims four and five and this action are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15 day of June, 2009.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01949-BNB

Mark Anthony Magnum
Prisoner No. 96452
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Paul Koehler
Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/15/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk