IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01949-MSK-MJW

MARK ANTHONY MAGNUM,

    Petitioner,

v.

ARISTEDES ZAVARAS, Executive Director, DOC; and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.
_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION,
DENYING MOTION FOR IMMEDIATE RELEASE OR PRELIMINARY INJUNCTION,
DENYING MOTION TO SET DEADLINE, AND
GRANTING MOTION FOR STATUS**
_____

**THIS MATTER** comes before the Court pursuant to four motions filed by Petitioner Mark Anthony Magnum:[1] (1) "Combind [sic] Motions for Stay of Habeas Corpus Proceeding and an Evidentiary Hearing on Claims One, Two & Three" **(#40)**; (2) "Petition for the Immediate Release of the Petitioner; Alternatively, an Injunctive Order" **(#42)**; (3) "Motion for

---

[1] In considering Mr. Magnum's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Court Order" regarding setting a deadline to file a civil action **(#45)**; and (4) Petition for Status of Current Habeas Proceedings **(#49)**. The Defendants have not responded to any of these motions. Having considered the same and the record in this case, the Court **FINDS** and **CONCLUDES** the following.

## I. Jurisdiction

The Court exercises jurisdiction in this action pursuant to 28 U.S.C. § 2254.

## II. Background

In 2001, Mr. Magnum stood trial for charges relating to a forged check. During trial he filed a motion to dismiss his trial counsel, alleging ineffective assistance of counsel, the existence of an irreconcilable conflict, and an "abandonment of his defense." After a hearing on the issue (the "Hearing"), the trial court denied the motion. Mr. Magnum later renewed his motion, but the trial court denied the renewed motion because it was made *pro se* while Mr. Magnum was represented by counsel. Following trial, Mr. Magnum was convicted in Douglas County District Court of theft and conspiracy to commit theft. He was sentenced to twelve years of imprisonment on the theft conviction and six years on the conspiracy conviction, to be served concurrently.

Mr. Magnum appealed *pro se*, with the aid of advisory counsel, arguing, *inter alia*,[2] that the trial court erred in not conducting further inquiry into Mr. Magnum's pretrial allegations of ineffective assistance of counsel and in denying Mr. Magnum's motions to dismiss trial counsel. Mr. Magnum also generally alleged that his trial counsel was ineffective. The Colorado Court of

---

[2] Mr. Magnum's direct appeal raised numerous other claims that are not relevant to the issues now before this Court.

2

Appeals declined to address the merits of Mr. Magnum's claims for three reasons. First, as to the trial court's denial of Mr. Magnum's motion to dismiss counsel, the Court of Appeals found that although there was a minute order reflecting the outcome of the Hearing, Mr. Magnum had not provided the transcript of the Hearing, as he was required to do under Colo. App. R. 10. Thus, the Court of Appeals could not independently evaluate the validity of the trial court's ruling and, instead, presumed the regularity of the trial court's ruling pursuant to Colorado law. Second, as to Mr. Magnum's *pro se* motion to dismiss counsel, the Court of Appeals found that because the trial court had not substantively ruled on these motions, instead denying them as improperly filed *pro se* while Mr. Magnum was represented by counsel, there was no ruling for the Court of Appeals to evaluate. Finally, the Court of Appeals declined to address Mr. Magnum's claim of ineffective assistance of counsel because the trial court had not had the opportunity to evaluate the claim, create an adequate record, or make the requisite findings.

Mr. Magnum petitioned for certiorari with the Colorado Supreme Court, arguing, *inter alia*, that the trial court erred in denying Mr. Magnum's motion to dismiss counsel. He did not contest the Court of Appeals' determination that he had not provided the transcript of the Hearing. The Colorado Supreme Court denied Mr. Magnum's petition.

Mr. Magnum proceeded to file a post-conviction motion pursuant to Colo. R. Crim. P. 35(c) arguing that his conviction violated double jeopardy protections and that he received ineffective assistance of counsel because his attorney intentionally omitted an essential element from the jury instruction for theft and failed to effectively cross-examine the victim at the preliminary hearing. The trial court denied the motion, and Mr. Magnum appealed. The Court of Appeals affirmed, concluding that counsel's failure to ask certain enumerated questions of the

3

victim during the preliminary hearing did not amount to ineffective assistance of counsel. The Court of Appeals also addressed Mr. Magnum's claim that counsel was ineffective for not objecting to Mr. Magnum's wearing of a stun belt during trial on the merits and determined that there was not ineffective assistance of counsel. Mr. Magnum filed a petition for a writ of certiorari with the Colorado Supreme Court arguing that the Court of Appeals applied the wrong standard in evaluating Mr. Magnum's ineffective assistance of counsel claims and that it erred in denying his ineffective assistance of counsel claim based on counsel's failure to object to the stun belt. Mr. Magnum did not challenge the Court of Appeals' determination that counsel did not provide ineffective assistance by failing to ask certain questions of the victim during the preliminary hearing. The Colorado Supreme Court denied Mr. Magnum's petition.

Mr. Magnum initiated this habeas proceeding on August 28, 2008. Mr. Magnum, upon approval by the Court, amended his application **(#19)** in February 2009. The Amended Application set forth five claims: (1) ineffective assistance of counsel based on the presence of an irreconcilable difference that arose during a pretrial proceeding as evidenced by counsel's statement to Mr. Magnum that there was no defense available and failure to elicit certain testimony from a witness despite Mr. Magnum's instruction to do so; (2) the trial court erred by not conducting a further inquiry into Mr. Magnum's objections to his trial counsel and ultimately in not dismissing Mr. Magnum's trial counsel; (3) ineffective assistance of counsel based on the presence of a conflict of interest between Mr. Magnum and his trial counsel as evidenced by counsel's statement that no defense was available, failure to elicit certain testimony from a prosecution witness despite Mr. Magnum's specific instruction to do so, and failure to mount a plausible defense; (4) ineffective assistance of counsel based on counsel's failure to object to the

4

use of a stun belt during trial; and (5) the Court of Appeals applied the wrong standard to Mr. Magnum's ineffective assistance of counsel claims.

The Court[3] ordered the Respondents to file an amended[4] pre-answer response addressing timeliness and exhaustion of state remedies. The Respondents complied **(#24)** and Mr. Magnum replied **(#27)**. Finding that the Respondents did not adequately apply the cited authority to the facts of this case, the Court ordered the Respondents to supplement their Amended Pre-Answer Response and indicated that Mr. Magnum could reply within 20 days of Respondents' supplement. The Respondents filed a supplement **(#29)**, but Mr. Magnum did not file a reply to the supplement.

The Court[5] found Mr. Magnum's habeas petition to have been timely filed, but concluded that Claims 1, 2, and 3 were procedurally defaulted. The Court reviewed the state court record and found that although Mr. Magnum presented claims substantially similar to the ones he asserts in Claims 1, 2, and 3 in his direct appeal, the Colorado Court of Appeals did not reach the merits of those claims because Mr. Magnum did not provide the appellate court with the necessary trial court transcripts. Accordingly, the Court concluded that the claims were procedurally defaulted on an independent and adequate state court procedural rule. As to Claims 4 and 5, however, the Court determined that they were timely and exhausted. These claims remain pending.

---

[3] Magistrate Judge Boyn N. Boland.

[4] The Respondents previously filed a pre-answer response based on Mr. Magnum's original petition.

[5] Senior Judge Zita L. Weinshienk.

### III. Analysis

#### A. Motion for Stay (#40)

Although Mr. Magnum titles his Motion "Combind [sic] Motions for Stay of Habeas Corpus Proceeding and an Evidentiary Hearing on Claims One, Two & Three", the Court understands Mr. Magnum to be seeking reconsideration of the dismissal of Claims 1, 2 and 3. Deemed as such and because it was filed more than 28 days after entry of the Order dismissing Claims 1, 2, and 3, the motion governed by Fed. R. Civ. P. 60(b). Rule 60(b) permits the Court to reconsider an order due to, among other things, a substantive "mistake of law or fact" by the Court, Fed. R. Civ. P. 60(b)(1), *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Fed. R. Civ. P. 60(b)(2), or as a result of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Nevertheless, reconsideration under Rule 60(b) is extraordinary, and may be granted only in exceptional circumstances. *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007). Reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor to present new arguments based upon law or facts that existed at the time of the original argument. *See FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991).

Mr. Magnum argues that the Colorado Court of Appeals' determination that he had not properly presented the transcript of the hearing, as required by Colo. App. R. 10(b), was mistaken and, therefore, he did not procedurally default Claims 1, 2 or 3. This argument, however, is not a valid basis for reconsideration under Rule 60(b) because Mr. Magnum could

have made the argument earlier, prior to dismissal. Indeed, the Amended Pre-Answer Response **(#24)** and the Supplement thereto **(#29)** both argued that Claims 1, 2, and 3 were unexhausted because the state court had determined, as a matter of state procedural law, that it could not determine the merits of the claims. Mr. Magnum had a full opportunity to respond to this contention in his reply, but chose not to do so, instead simply arguing that despite the failure of the Court of Appeals to address the merits of the claims, the claims were adequately presented in his petition for certiorari. Accordingly, Mr. Magnum has not presented a sufficient basis on which to engage in reconsideration. However, because he is proceeding *pro se* and has alleged that a factual mistake deprived him of a full and fair opportunity to raise his claims, the Court engages in a *de novo* review as to whether Claims 1, 2, and 3 are procedurally defaulted.

Mr. Magnum does not dispute that the Court of Appeals did not reach the merits of his claims. Rather, he asserts that the reason it did not the merits of the claims was based on a mistake of fact. The mistake being that Mr. Magnum did, in fact, provide the transcript of the Hearing to the Court of Appeals on direct appeal. He contends that the reason the Court of Appeals could not find the transcript was because it was mistakenly filed out of chronology. He argues, therefore, that he did not procedurally default Claims 1, 2, and 3. He requests that this Court hold an evidentiary hearing to determine whether he properly presented the transcript on direct appeal.

The Court, however, is without authority to determine whether Mr. Magnum actually presented the transcript of the Hearing to the Court of Appeals in conjunction with his direct appeal. The habeas statute, 28 U.S.C. § 2254, permits a federal court to entertain petitions for writs of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the

7

Constitution or laws or treaties of the United States." It does not authorize a federal court to serve as a super-appellate court for state court determinations of state procedural law. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Accordingly, when a claim presents an issue of federal law but is nevertheless decided by the state court based on a state law ground that is independent of the federal question and adequate to support the judgment, the state court's decision is not subject to review in a habeas petition. *See id.*; *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2009). A state procedural default is "independent" if it relies on state law and not federal law and it is "adequate" if it is firmly established and regularly followed. *See Smith*, 550 F.3d at 1274.

In this case, the Colorado Court of Appeals did not consider the merits of Mr. Magnum's claims regarding his trial counsel because it found that Mr. Magnum had not complied with a state procedural rule, namely Colo. App. R. 10(b), which requires an appellate to submit all relevant records and transcripts. Because this rule is a procedural rule included in the Colorado Appellate Rules and does not implicate federal law, it is both independent and adequate. Thus, Mr. Magnum's claims were procedurally defaulted because they were denied on an independent and adequate state court procedural rule.

Mr. Magnum may only avoid the procedural default bar if he can demonstrate cause and prejudice or a fundamental miscarriage of justice. *See id.* A showing of "cause" requires the petitioner to demonstrate that some objective factor, external to the defense, impeded his efforts to comply with the state law. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" means actual prejudice, *i.e.*, that the petitioner actually suffered prejudice at trial from the alleged violation of federal law. *See id.*; *Coleman*, 501 U.S. at 750. A fundamental miscarriage

8

of justice is a narrow concept, implicated only in extraordinary situations where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *See Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007). Actual innocence must be based on factual innocence as opposed to legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Mr. Magnum does not present any evidence or argument demonstrating a fundamental miscarriage of justice. He does, however, argue that the Court of Appeals' finding that he failed to comply with the procedural rule was a mistake on its part, *i.e.*, it failed to find the transcript in the record. Although a mistake by the Court of Appeals as to the presence of the transcript may constitute "cause" in that it was external to his defense, Mr. Magnum has not presented any explanation as to why he did not address the mistake with the state courts. Indeed, he apparently did not raise the mistake with the Court of Appeals nor did he make any argument as to the mistake in his petition for certiorari with the Colorado Supreme Court. Accordingly, Mr. Magnum has not demonstrated cause. Morever, Mr. Magnum has not presented any argument or evidence showing actual prejudice, *i.e.*, that but for the mistake by the Court of Appeals, his claims would have resulted in relief. Under these circumstances, to demonstrate actual prejudice, Mr. Magnum must show not simply that the Court of Appeals would have considered his claims, but that its consideration would have resulted in a different outcome. Although Mr. Magnum contends that there was a conflict of interest between him and trial counsel that lead to certain actions or inactions by the counsel, including failure to illicit certain testimony from a prosecution witness and abandonment of his defense, he does not provide any argument showing the testimony that would have been elicited or the defense(s) that would have

9

been raised by effective counsel. Therefore, Mr. Magnum has not demonstrated that he was actually prejudiced by the Court of Appeals' mistake (assuming that there was a mistake).

Moreover, because the Colorado Court of Appeals did not reach any federal issue on direct review, there is nothing for this Court to review.[6] Accordingly, Mr. Magnum's Motion for Reconsideration is **granted** insofar as it seeks reconsideration and **denied** insofar as it seeks to reinstate Claims 1, 2, and 3.

### B. Petition for Immediate Release (#42)

Mr. Magnum seeks an order ordering his immediate release from prison or, alternatively, a preliminary injunction prohibiting the Respondents' interference with his litigation of this action as well as a proposed civil action under 42 U.S.C. § 1983 including greater access to the law library and relevant legal materials.

A temporary restraining order or preliminary injunction is an "extraordinary remedy", and, therefore, the right to relief must be "clear and unequivocal." *See Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006). The decision to grant injunctive relief is a matter of discretion. *See Gen. Motors Corp. v. Urban Gorilla*, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion). To obtain a preliminary injunction, the movant must show four factors: (1) a

---

[6] Although not argued by Mr. Magnum in his motion to reconsider, the Court notes that Claims 1, 2, and 3 were not exhausted by Mr. Magnum's postconviction motion. Although Mr. Magnum did argue in his postconviction motion that trial counsel's failure to elicit certain testimony from the victim during the preliminary hearing amounted to ineffective assistance of counsel, a claim arguably included in Claims 1, 2, or 3, he did not present this issue to the Colorado Supreme Court in his petition for certiorari. Accordingly, the claim is procedurally barred. *See Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (holding that claims not presented in a petition for discretionary review to the state's highest court are not exhausted).

substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *See id.*; *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008). Certain types of preliminary injunctions are disfavored and, therefore, require that the movant satisfy a heightened burden of showing that the factors support the issuance of an injunction. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). The disfavored injunctions are those that disturb the status quo, are mandatory as opposed to prohibitory, or that affords the movant substantially all of the relief that they may recover after a determination of the merits. *See id.*

Here, Mr. Magnum asserts that prior to his filing a reply to the petition, he was transferred from the Arkansas Valley Correctional Facility to the Crowley County Correction Facility ("CCCF"). He alleges that at CCCF he is or will be prohibited from using computers to prepare his legal material, denied access to legal materials necessary to file his reply and a separate civil action under 42 U.S.C. § 1983, discriminated against due to his race and age, and denied access to grievance forms. Accordingly, he seeks either release from incarceration or a preliminary injunction enjoining the complained of behaviors.

Even taking all of Mr. Magnum's allegations as true, he has presented no substantive reason or authority supporting his release from incarceration. Rather, his remedy is a preliminary injunction in this case or to file a civil action for deprivation of constitutional rights under 42 U.S.C. § 1983. The decision as to whether to initiate a § 1983 case lies entirely with Mr. Magnum as the plaintiff.

As to a preliminary injunction regarding his access to the law library and other legal materials, the relief that Mr. Magnum seeks is a disfavored type of preliminary injunction because it disturbs the status quo of the prison's procedures and rules and is mandatory rather than merely prohibitory. *See O Centro*, 389 F.3d at 975. Accordingly, his arguments must be closely scrutinized to ensure that the circumstances warrant the imposition of an injunction. As to irreparable injury, Mr. Magnum argues that without an injunction he is unable to prepare and file a reply to the petition.[7] He acknowledges that the time to reply in this case has already passed, but does not seek an extension of time in which to file, instead simply stating that he intends to file a motion out of time. To the extent that he wishes to file a motion out of time, there is no prejudice in a further delay in the filing of this document because either way it will be untimely. Moreover, Mr. Magnum has since filed multiple motions with this Court, including the instant motion and a document that he titled "Petition for Summary Proceeding for Judgment" **(#48)**, which the Court deemed to be a supplement to his motion for reconsideration and/or his petition. Given Mr. Magnum's demonstrated ability to file legal documents and motions, he has not demonstrated any irreparable injury that will result if the injunction is not entered. Accordingly, the motion is **denied**.

C.     **Motion for Order Setting Deadline (#45)**

Mr. Magnum seeks an order setting a deadline for him to file a complaint in a § 1983 action that he wishes to initiate. He asserts that without a concrete deadline, he is denied access the legal materials necessary to prepare his complaint. The Court is without authority to set a

---

[7] Mr. Magnum also argues that he is hindered in his ability to initiate a § 1983 action. Such harm, however, is outside the scope of this proceeding and, therefore, cannot form the basis for a preliminary injunction.

deadline for Mr. Magnum to initiate an action pursuant to § 1983. Accordingly, the motion is **denied**.

### D. Motion for Status (#49)

Mr. Magnum moves for a status update on his Petition. This Order itself indicates the status of the case and Mr. Magnum's pending motions. To the extent he seeks any further update on the status of the case, the Clerk of Court shall mail Mr. Magnum a copy of the docket report with a copy of this Order.

**IT IS THEREFORE ORDERED** that

(1) Mr. Magnum's "Combind [sic] Motions for Stay of Habeas Corpus Proceeding and an Evidentiary Hearing on Claims One, Two & Three" **(#40)**, deemed to be a motion for reconsideration, is **GRANTED IN PART** insofar as it seeks reconsideration but **DENIED** insofar as it seeks reinstatement of Claims 1, 2, and 3.

(2) Mr. Magnum's "Petition for the Immediate Release of the Petitioner; Alternatively, an Injunctive Order" **(#42)** is **DENIED**.

(3) Mr. Magnum's "Motion for Court Order" regarding setting a deadline **(#45)** is **DENIED**.

(4) Mr. Magnum's Petition for Status of Current Habeas Proceedings **(#49)** is

**GRANTED**. The Clerk of Court shall mail a copy of the docket report and a

copy of this Order to Mr. Magnum.

Dated this 2nd day of September, 2010

                                                    **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge