IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez

Civil Action No. 08-cv-01949-WJM

MARK ANTHONY MAGNUM,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, DOC, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Mark Anthony Magnum, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Magnum initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions and sentences in Douglas County, Colorado, district court case number 00CR440. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On February 12, 2009, Mr. Magnum submitted to and filed with the Court an amended application and supporting brief (document nos. 19 and 20 respectively).

On February 20, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response to the amended application that was limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d)

and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On March 9, 2009, Respondents filed their pre-answer response (document no. 24) to the amended application. On March 24, 2009, Mr. Magnum filed a reply (document no. 27) to the pre-answer response. On April 20, 2009, Magistrate Judge Boland, finding that Respondents did not adequately apply the cited authority to the facts of this case, ordered Respondents to supplement the pre-answer response, and indicated that Mr. Magnum may reply within twenty days of Respondents' supplement. On May 7, 2009, Respondents filed a supplement (document no. 29). Applicant did not file a supplemental reply.

On June 15, 2009, the Court denied the amended application in part, finding that Mr. Magnum's amended application was filed in a timely manner, dismissing claims one, two, and three as procedurally defaulted, and drawing exhausted claims four and five and the case for further proceedings. Claims four and five remain pending. On June 17, 2009, the Court ordered Respondents, within forty-five days, to file an answer to the application showing cause why the application should not be granted. On July 8, 2009, Respondents filed a response (document no. 35) to the order to show cause.

On September 2, 2010, the Court entered an order (document no. 55) that granted in part Mr. Magnum's "Combind [sic] Motions for Stay of Habeas Corpus Proceeding and an Evidentiary Hearing on Claims One, Two & Three" (document no. 40), which the Court understood to be seeking reconsideration of the dismissal of claims one, two, and three. The Court granted the motion in part insofar as it sought reconsideration but denied the motion insofar as it sought reinstatement of dismissed claims one, two, and three. The September 2 order also denied Mr. Magnum's "Petition

for the Immediate Release of the Petitioner; Alternatively, an Injunctive Order" (document no. 42) and "Motion for Court Order" (document no. 45) regarding setting a deadline for him to initiate a civil action. The September 2 order granted Mr. Magnum's "Petition for Status of Current Habeas Proceedings" (document no. 49), and directed the Clerk of the Court to mail to Mr. Magnum a copy of the docket report together with a copy of the September 2 order.

In considering Mr. Magnum's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). For the reasons stated below, the Court will dismiss pending claims four and five.

## I. Factual and Procedural Background

Mr. Magnum was convicted by a jury in Douglas County District Court case number 00CR440 on charges of theft and conspiracy to commit theft for his purchase of a motor home using a forged cashier's check. He was sentenced to prison for twelve years on the theft charges and six years for conspiracy to commit theft, to be served concurrently. Representing himself with the aid of advisory counsel, he appealed directly to the Colorado Court of Appeals, which affirmed his convictions. *See People v. Magnum*, No. 01CA2252 (Colo. Ct. App. Jan. 15, 2004) (not selected for publication). On December 20, 2004, the Colorado Supreme Court denied certiorari review.

On December 14, 2005, Mr. Magnum filed a postconviction motion. A week later, on December 21, 2005, he moved to amend the motion to raise additional claims and request an evidentiary hearing. It appears that the trial court did not consider Mr. Magnum's supplemental postconviction motion, however, and on December 23, 2005, issued a written order summarily denying the December 14 motion. Mr. Magnum appealed the trial court's order, claiming that his trial counsel had been ineffective and that he had not adequately waived his right to appellate counsel. On November 15, 2007, the Colorado Court of Appeals affirmed. *See People v. Magnum*, No. 06CA277 (Colo. Ct. App. Nov. 15, 2007) (not selected for publication). Mr. Magnum raised his ineffective-assistance-of-counsel claim in a petition for writ of certiorari, which the Colorado Supreme Court denied on August 18, 2008.

On September 11, 2008, Mr. Magnum filed an application for writ of habeas corpus in this Court. On February 12, 2009, he filed an amended application. On June 15, 2009, the Court dismissed claims one, two, and three as procedurally defaulted, and

drew exhausted claims four and five and the case for further proceedings. The Court now will address the merits of claims four and five, in which Mr. Magnum asserts that:

> 4. counsel was ineffective for not objecting to his wearing of a stun belt during trial; and
>
> 5. in addressing his ineffective-assistance-of-counsel claim, the Colorado Court of Appeals and Supreme Court "adopted [the] preponderance of the evidence standard."

Amended application (document no. 19) at 6(a).

## II. Analysis

### A. Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Magnum seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme]

Court's decisions as of the time of the relevant state-court decision." *Id.* at 412.

Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to 28 U.S.C. § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Magnum bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

The Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent

review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, the Court must review the claim *de novo* and the deferential standards in 28 U.S.C. § 2254(d) are not applicable. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

**B. Claims**

**Claim Four**

Mr. Magnum presented his fourth claim, i.e., that counsel was ineffective for not objecting to his wearing of a stun belt during trial, in the appeal from the denial of his postconviction motion. *See* Response to Order to Show Cause (document no. 35), ex. H (opening brief) at 11-19. He first raised the claim in the December 21, 2005, amendment to the postconviction motion he filed on December 14, 2005, but, as previously stated, it appears that the trial court did not consider Mr. Magnum's supplemental postconviction motion, and on December 23, 2005, summarily denied the December 14 motion. The specific factual allegations Mr. Magnum made in the December 21 amendment to the postconviction motion were as follows:

> e. Defense Counsel Did Not Object to the Stun Belt to Restrain Mr. Magnum During Trial, Which Prejudiced Mr. Magnum Because He Was Not Allowed to Participate in the Trial and Told to "Shut-Up Or You Will Be Stunned."

> Mr. Magnum was forced to wear an electronic stun belt during his trial. The mere presence of this device psychologically disadvantaged Mr. Magnum by imparing [sic] his mental faculties, hindering his participation in his defense, chilling his inclination to even make movements necessary for effective communication with Mr. Cole, especially would [sic] “told by officer that he was not allowed to talk participate, or say anything out of line, or Mr. Magnum would be stunned for disruption.”

Response to Order to Show Cause (document no. 35), ex. N at vi (underlining omitted). He also made allegations concerning the functioning of stun belts, which are not recounted here.

It was clearly established when Mr. Magnum was convicted that a defendant has a right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel was ineffective, Mr. Magnum must demonstrate both that counsel’s performance fell below an objective standard of reasonableness and that counsel’s deficient performance resulted in prejudice to his defense. *See id.* at 687. "Judicial scrutiny of counsel’s performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel’s performance falls within the range of "reasonable professional assistance." *Id.* It is Mr. Magnum’s burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* "For counsel’s performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Magnum must establish "a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* In determining whether Mr. Magnum has established prejudice, the Court must look at the totality of the evidence presented at trial and not just the evidence that is helpful to Applicant. *See Boyd*, 179 F.3d at 914.

Finally, ineffective-assistance-of-counsel claims are mixed questions of law and fact. *See Strickland*, 466 U.S. at 698. Conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001). If Mr. Magnum fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See Strickland*, 466 U.S. at 697.

The Colorado Court of Appeals applied the proper *Strickland* standards and rejected Mr. Magnum's ineffective-assistance-of-counsel claim because he failed to prove either prong of the *Strickland* test:

> The trial court did not address defendant's claim that counsel failed to object to the use of a stun belt, which prevented him from assisting in and presenting his preferred theory of defense. We may nonetheless consider this claim based on the record before us, *see People v. Apodaca*, 998 P.2d 25, 29 (Colo. App. 1999), and we conclude that defendant fails to adequately state a claim for relief.
>
> We note that, in the amended motion, defendant claimed the use of a stun belt placed him at psychological disadvantage, but he did not allege any facts to suggest how the outcome of the trial would have been different but for counsel's alleged failure to object to the use of the stun belt. As alleged, the claim was insufficient to support a claim of ineffective assistance of counsel. *See People v. Vieyra*, ___ P.3d ___, ___ (Colo. App. No. 05CA0958, Apr. 5, 2007) (if defendant fails to make affirmative demonstration of prejudice, court may resolve ineffective assistance claim on

that basis alone, without considering whether counsel's performance was deficient).

On appeal, defendant makes additional factual assertions that we would not consider had the trial court ruled on this claim. *See People v. Rodriguez*, 914 P.2d 230, [2]51 (Colo. 1996) (defendant may not use a brief on appeal to fortify claims inadequately raised or supported in a postconviction motion). However, even assuming his allegations are true to the extent they are not directly contracted by the record before us, defendant has failed to show a reasonable probability that the outcome of the case would have been different but for the alleged deficiency in counsel's performance. *See Ardolino*, 69 P.3d at 76.

At trial, counsel argued to the jury that defendant did not commit a crime but was, instead, another unwitting victim of the crime perpetrated by the codefendant. Defendant asserts that counsel's failure to object to the stun belt prevented him from demanding that counsel further develop this theory of defense. It is not clear from the record that defendant was restrained by a stun belt during the trial. However, assuming both that defendant was so restrained and that the stun belt inhibited him from demanding that counsel develop the evidence he claims could have been developed, that does not support a claim of ineffective assistance of counsel.

Trial counsel stands as the captain of the ship, and counsel's tactical and strategic choices are the exclusive province of counsel after consultation with the client. *See People v. Tackett*, 742 P.2d 957, 960 (Colo. App. 1987). Such choices are almost impervious to claims of ineffective assistance of counsel. Mere disagreement as to trial strategy will not support a claim of ineffectiveness. *Davis*, 871 P.2d at 773, citing *People v. Bossert*, 722 P.2d 998, 1010 (Colo. 1986), and *Strickland*, 466 U.S. at 690-91 (strategic choices are "virtually unchallengable").

Moreover, the evidence at trial showed that defendant presented the check to the victim and that the victim did not learn the check was invalid until after he had transferred the keys, title, and physical possession of the motor home. Thus, there is not a reasonable probability that the additional evidence, if presented, would have changed the outcome

> and resulted in an acquittal on the charges of theft and conspiracy to commit theft. *See People v. Gandiaga*, 70 P.3d 523, 526 (Colo. App. 2002) (claim of ineffective assistance of counsel will not succeed if defendant fails to establish either prong of *Strickland*).
>
> Further, defendant cannot establish prejudice by claiming he was subject to a visible form of restraint. The record contains express findings that, during trial, he wore civilian clothing with no visible shackles and that the sheriff's deputy wore civilian clothing and was positioned across the courtroom from defendant. The record suggests the court complied with counsel's request that it make every reasonable effort to prevent the jury from learning that defendant was in custody at the time of the trial. Additionally, the jury was clearly instructed on the presumption of innocence.

Response to Order to Show Cause (document no. 35), ex. J (No. 06CA277) at 6-10.

The Colorado Court of Appeals' determination that Mr. Magnum did not establish either prong of *Strickland* is not contrary to or an unreasonable application of clearly established federal law. The fourth claim lacks merit, and will be dismissed.

**Claim Five**

Mr. Magnum's fifth claim is that the Colorado Court of Appeals and the Colorado Supreme Court "adopted [the] preponderance of the evidence standard" in addressing his ineffective-assistance-of-counsel claim. In addressing Mr. Magnum's ineffective-assistance-of-counsel claim in No. 06CA277, the Colorado Court of Appeals set out the "preponderance of the evidence" standard for reviewing ineffective-assistance-of-counsel claims :

> [t]o succeed on a claim of ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence standard that (1) counsel's performance fell below the level of reasonably competent assistance demanded of attorneys in criminal cases and (2) the deficient performance resulted in

> prejudice to defendant. *Strickland v. Washington*, 466 U.S. 668 (1984); *Davis v. People*, 871 P.2d 769, 772 (Colo. 1994).

Response to Order to Show Cause (document no. 35), ex. J (No. 06CA277) at 3.

The Colorado Court of Appeals did not adopt a preponderance-of-the-evidence-standard. Rather, the state appeals court simply set out the proper preponderance-of-the-evidence standard for judging ineffective assistance. *See, e.g.*, *Boyle v. McKune*, 544 F.3d 1132, 1137 (10th Cir. 2008). As such, the Colorado Court of Appeals' decision is not contrary to or an unreasonable application of clearly established federal law. The fifth claim lacks merit, and will be dismissed.

Accordingly, it is

ORDERED that the amended habeas corpus application is denied, and the action is dismissed with prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 23rd day of February, 2011.

BY THE COURT:

*/s/ William J. Martínez*
WILLIAM J. MARTÍNEZ
United States District Judge